**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT PEARLSTONE, individually and on behalf of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | Case No. |
| v. | ) ) ) | |
| COSTCO WHOLESALE CORPORATION, | ) ) | JURY TRIAL DEMANDED |
| *Defendant*. | ) ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Scott Pearlstone, brings this Class Action Complaint against Defendant, Costco Wholesale Corporation ("Costco"), to stop Defendant's practice of unlawfully shortchanging consumers by withholding a portion of the money refunded on cancelled store memberships, and to obtain redress for all those harmed by Defendant's conduct. For his Class Action Complaint, Plaintiff alleges as follows based on personal knowledge as to himself and his own acts and experiences, and as to all other matters, on information and belief, including an investigation by his attorneys.

## NATURE OF THE ACTION

1.      Defendant is the second largest retailer in the world, and an operator of retail stores known as "member warehouse clubs." At its retail store locations, Defendant offers a variety of merchandise as well as exclusive membership services.

2.      Consumers purchase a 12-month membership in order to access and shop at Defendant's stores. Generally, only paying members have the ability to purchase merchandise at Costco warehouses. Upon expiration or cancellation of the 12-month membership period, former

members are neither permitted to shop at Defendant's warehouses, nor are they entitled to membership privileges.

3.      Defendant maintains a Risk-Free 100% Satisfaction Guarantee on both memberships and merchandise. Defendant styles this guarantee as the "Costco Double Guarantee," and prominently advertises the guarantee on signage throughout its warehouses and on its website.

4.      With its Risk-Free 100% Satisfaction Guarantee, Defendant promises members that they may cancel their membership and receive a refund of all membership fees in full, at any time and for any reason, if they are dissatisfied.

5.      Despite this guarantee, Defendant has a practice of refusing to reimburse the full amount of membership fees to certain members who cancel their memberships.

6.      Defendant's practice of refusing to reimburse the full amount of cancelled membership fees is a breach of the terms of Defendant's own Risk-Free 100% Satisfaction Guarantee.

7.      Accordingly, Plaintiff brings this action on his own behalf and on behalf of similarly situated individuals in order to obtain redress for those who cancelled memberships with Defendant but did not receive a full refund of the amount originally paid for the membership due to Defendant's unlawful membership cancellation practices.

## PARTIES

8.      Plaintiff, Scott Pearlstone, is a natural person and a resident of Missouri.

9.      Defendant, Costco Wholesale Corporation, is a Washington corporation with its principal place of business in Issaquah, Washington.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this case and the claims at issue

- 2 -

pursuant to 28 U.S.C. § 1332(d), because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant's states of citizenship; and none of the exceptions under subsection 1332(d) apply to this action.

11.     This Court has personal jurisdiction over Defendant because Plaintiff's claims arise out of Defendant's unlawful in-state activities. Defendant breached its agreement with Plaintiff in this state by unlawfully withholding a portion of the money refunded on Defendant's membership cancelled from within this state. Defendant also advertises and sells memberships from its stores located in Missouri, such that it has sufficient minimum contacts with Missouri and has purposely availed itself of Missouri markets to make it reasonable for this Court to exercise jurisdiction over Defendant.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, as Defendant's transactions with Plaintiff and its alleged breach of contract occurred in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13.     Defendant is a multinational corporation that operates an international chain of membership warehouses, many of which carry the "Costco Wholesale" name.

14.     As of February 9, 2018, Defendant operated 747 warehouses worldwide, with 519 stores in the U.S. located across 44 states and Puerto Rico.

15.     Defendant styles its stores as "member warehouse clubs," and consumers generally must purchase a 12-month term membership to be able to fully access and shop at Defendant's stores.

16.     As of November 26, 2017, Defendant had 91.5 million members and 49.9 million membership households.

17.     Defendant offers two levels of memberships for consumers: a basic, entry-level membership at a $60 annual fee, and an executive membership at a $120 annual fee. Both levels of membership provide similar access to Costco warehouses and member services, but Defendant heavily markets its executive memberships and encourages shoppers to sign up for the more expensive membership level.

18.     For example, as way of inducing consumers to enroll at the more expensive executive level, Defendant offers to provide executive members with 2% "rewards" – a certificate providing Costco store credit in the amount of 2% of an executive member's qualifying purchases made over a certain period. Defendant's 2% rewards are generally issued in membership renewal notices and are only redeemable at Defendant's warehouse locations.

**Defendant's Risk-Free 100% Satisfaction Guarantee**

19.     Before a consumer can become a Costco member and shop at one of Defendant's stores, they must complete a membership application and agree to Defendant's Member Privileges & Conditions (a true and accurate copy of which is attached hereto as Exhibit A).

20.     Defendant's Member Privileges & Conditions constitute a contract of adhesion between Defendant and its customers. The terms of the Member Privileges & Conditions are drafted by Defendant, are nonnegotiable, and are subject to change by Defendant at any time.

21.     The scope of Defendant's Member Privileges & Conditions is extremely broad. Because all customers must agree to the Member Privileges & Conditions before becoming a Costco member and shopping at one of Defendant's stores, Defendant's Member Privileges & Conditions apply nationwide and uniformly to each Costco member who enrolls in a membership

and purchases merchandise from one of Defendant's stores.

22.     One of the material and essential terms of Defendant's Member Privileges & Conditions is its "Risk-Free 100% Satisfaction Guarantee."

23.     Defendant's Risk-Free 100% Satisfaction Guarantee applies generally to both merchandise and memberships. Styling this guarantee as the "Costco Double Guarantee," Defendant prominently advertises the guarantee on signage throughout its retail locations and on its website.

24.     Under its Risk-Free 100% Satisfaction Guarantee, Defendant generally promises that customers have the right to cancel their membership at any time for any reason and receive a full refund of the membership fee. The Member Privileges & Conditions state as follows:

> **Risk-Free 100% Satisfaction Guarantee** On Membership: We will cancel and refund your membership fee in full at any time if you are dissatisfied.

(Exh. A).

25.     Defendant's customers expect and understand that Defendant's Risk-Free 100% Satisfaction Guarantee is a material term of their agreement with Defendant at the time they agree to Defendant's Member Privileges & Conditions.

**Defendant's Failure to Honor Its Risk-Free 100% Satisfaction Guarantee**

26.     Defendant repeatedly and systematically breaches its Risk-Free 100% Satisfaction Guarantee by failing to provide full refunds of membership fees to executive members who cancel their membership, instead refunding less than the amount originally paid for such memberships.

27.     On information and belief, instead of reimbursing the full amount of membership fees paid for executive memberships—as it promises to do under its Risk-Free 100% Satisfaction Guarantee—Defendant instead reduces the amount of a cancelling member's refund by the

amount of Costco store credit earned as part of the executive membership's 2% reward program. Thus, an executive member who cancels their membership does not receive the full value of what they originally paid for their membership.

28.     Defendant's practice of failing to refund the full value of executive members' membership fees is a breach of Defendant's Risk-Free 100% Satisfaction Guarantee, under which Defendant promises to cancel and refund membership fees "in full" at any time a member is dissatisfied.

**Facts Specific to Plaintiff**

29.     On March 9, 2017, Plaintiff enrolled in a 12-month executive membership with Defendant at one of Defendant's stores located at 301 Highlands Blvd. Drive, Manchester, MO 63011. Plaintiff paid $110 for the executive membership.[1]

30.     Plaintiff was initially reluctant about enrolling at the more expensive, executive membership level, but Defendant's sales staff assured Plaintiff that under Defendant's Risk-Free 100% Satisfaction Guarantee, he could cancel at any time, for any reason, and receive a full refund of his membership fee.

31.     Before Plaintiff enrolled in the executive membership, he reviewed and completed a membership application and agreed to Defendant's Member Privileges & Conditions.

32.     Later, Plaintiff became dissatisfied with his experience and his executive membership, and he subsequently cancelled his membership.

33.     Upon cancelling his executive membership, Plaintiff was refunded only a portion of the amount he had originally paid for his executive membership. Specifically,

---

[1] After Plaintiff became a Costco executive member, Defendant increased the executive membership fee. The fee for a 12-month executive membership is presently $120.

Defendant only refunded $86.13 instead of the $110 membership fee Plaintiff originally paid.

34.     Plaintiff complied with all of the terms of Defendant's Member Privileges & Conditions in cancelling his membership.

35.     Plaintiff satisfied all conditions and duties under the Member Privileges & Conditions.

36.     Defendant nonetheless breached its Member Privileges & Conditions and failed to honor its Risk-Free 100% Satisfaction Guarantee.

37.     Plaintiff is not alone in his experiences, and many of Defendant's other customers throughout the country have had nearly identical experiences.

## CLASS ACTION ALLEGATIONS

38.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23 on his own behalf and on behalf of a nationwide class (the "Class") with one subclass (the "Subclass" or "Missouri Subclass") defined as follows:

> The Class: All persons in the U.S. who, during the applicable limitations period, purchased an executive membership from Defendant; cancelled the executive membership; and were not refunded the full value of the executive membership fee they originally paid.

> The Missouri Subclass: All persons who, during the applicable limitations period, purchased an executive membership from Defendant in Missouri; cancelled the executive membership; and were not refunded the full value of the executive membership fee they originally paid.

39.     Expressly excluded from the Class and Subclass are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

40.     There are hundreds if not thousands of members of the Class and Subclass, making the members of the Class and Subclass so numerous that joinder of all members is

impracticable. Although the exact number of members of the Class and Subclass is presently unavailable to Plaintiff, the members of the Class and Subclass can be easily identified through Defendant's records of executive membership cancellations during the class period.

41.     Plaintiff's claims are typical of the claims of the other members of the Class and Subclass, as Plaintiff and the other members of the Class and Subclass have all suffered harm and monetary damages as a result of Defendant unlawfully withholding a portion of the money refunded on cancelled membership fees in breach of its Risk-Free 100% Satisfaction Guarantee.

42.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass, and they have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class and Subclass.

43.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass.

44.     Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive and would have no effective remedy. Unless the Class and Subclass are certified, Defendant will retain the monies it unlawfully withheld from the members of the Class and Subclass.

45.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts

and the litigants and promotes consistency and efficiency of adjudication.

46.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

(a)     Whether Defendant's Member Privileges & Conditions constitute a valid and enforceable contract between Defendant and its customers;

(b)     Whether any contract formed by the purchase of an annual membership includes the terms set forth in Defendant's Risk-Free 100% Satisfaction Guarantee;

(c)     Whether Defendant's Risk-Free 100% Satisfaction Guarantee contains a promise to refund all amounts paid for cancelled executive memberships;

(d)     Whether Defendant breached its contract with its customers by failing to refund the full value of fees paid for cancelled executive memberships;

(e)     Whether Defendant has been unjustly enriched by its failure to refund the full value of fees paid for cancelled executive memberships;

(f)     Whether the Class and Subclass members have sustained damages as a result of Defendant's failure to refund the full value of fees paid for cancelled executive memberships;

(g)     Whether Defendant's conduct constitutes a violation of the Missouri Merchandising Practices Act.

**COUNT I**
**BREACH OF CONTRACT**
**(on behalf of the Class and Missouri Subclass members)**

47.     Plaintiff incorporates by reference all of the foregoing allegations as if fully set forth herein.

48.     Plaintiff and the other members of the Class and Subclass entered into valid contracts with Defendant when they enrolled in Defendant's executive membership program and agreed to Defendant's Member Privileges & Conditions.

49.     The contracts between Plaintiff and the other members of the Class and Subclass and Defendant are supported by bargained-for consideration and are entered into between Plaintiff and the other members of the Class and Subclass and Defendant following offer and acceptance of the definite and certain terms set forth in Defendant's Member Privileges & Conditions brochure attached hereto.

50.     The terms contained in Defendant's Member Privileges & Conditions brochure attached hereto constitute the entire written agreement between Plaintiff and the other members of the Class and Subclass and Defendant.

51.     Defendant's agreements with Plaintiff and the other members of the Class and Subclass include Defendant's Risk-Free 100% Satisfaction Guarantee, which states:

**Risk-Free 100% Satisfaction Guarantee** On Membership: We will cancel and refund your membership fee in full at any time if you are dissatisfied.

(Exh. A).

52.     Under Defendant's agreements with Plaintiff and the other members of the Class and Subclass, Defendant promised Plaintiff and the other members of the Class and Subclass that they could cancel their executive memberships "at any time," after which they would receive a refund "in full" of the membership fees paid to Defendant. (*Id.*).

53.     Plaintiff and the other members of the Class and Subclass attempted to exercise their rights under their respective agreements with Defendant to cancel their respective executive memberships and receive a full refund of their membership fees.

54.     Plaintiff and the other members of the Class and Subclass complied with all of the terms of Defendant's Member Privileges & Conditions and satisfied all conditions and duties for the transactions at issue.

55.     Defendant nonetheless failed to honor its Risk-Free 100% Satisfaction Guarantee

and thus breached its contracts with Plaintiff and the other members of the Class and Subclass by failing to refund the full value of fees paid for cancelled executive memberships.

56.     As a result of Defendant's breaches of its agreements with Plaintiff and the other members of the Class and Subclass, Plaintiff and the other members of the Class and Subclass have suffered actual, concrete harm and are entitled to recover compensatory and consequential damages in an amount to be determined at trial.

**COUNT II**
**UNJUST ENRICHMENT**
**(in the alternative to Count I, on behalf of the Class and Missouri Subclass members)**

57.     Plaintiff incorporates by reference all of the allegations in paragraphs 1 - 46 as if fully set forth herein.

58.     Plaintiff and the other Class and Subclass members conferred a benefit on Defendant when they enrolled in executive memberships and paid Defendant their membership fees.

59.     Defendant unjustly retained a portion of this benefit when, as explained above, Plaintiff and the other Class and Subclass members cancelled their executive memberships and Defendant failed to refund the full value of fees paid for cancelled executive memberships.

60.     The benefit Defendant retained is measurable by calculating the difference between the fees originally paid for each executive membership and the value of what was actually refunded. Defendant has been unjustly enriched by any portion of this difference that it has retained or withheld, or any monies it has derived from retained or withheld amounts. Defendant appreciates or has knowledge of such benefit.

61.     Defendant was not authorized to burden Plaintiff and the other Class and Subclass members with these fees, and Defendant's retention of this benefit violates fundamental

principles of justice, equity, and good conscience

62.     It would be inequitable and unjust for Defendant to retain the benefit of monies wrongfully withheld on refunds.

63.     Therefore, to the extent that Defendant unlawfully retained any portion of membership fees for executive memberships, Defendant has been enriched, and it would be unjust to allow Defendant to retain the enrichment.

64.     Because Defendant will be unjustly enriched if it is allowed to retain such funds, Plaintiff and the other Class and Subclass members are entitled to an order requiring Defendant to disgorge any benefit it has unjustly retained and requiring Defendant to pay restitution to Plaintiffs and the other Class and Subclass members in the amount by which Defendant was unjustly enriched from each Class and Subclass member's refund.

**COUNT III**
**VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT**
**(Mo. Rev. Stat. 407.010 *et seq.* on behalf of the Missouri Subclass Members)**

65.     Plaintiff incorporates by reference all of the foregoing allegations as if fully set forth herein.

66.     Section 407.020 of the Missouri Merchandising Practices Act ("MMPA") states in relevant part that:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri, is declared to be an unlawful practice.

Mo. Rev. Stat. § 407.020.1.

67.     Defendant is a "person" engaged in "trade" or "commerce," and Defendant's transactions with Plaintiff and the other members of the Missouri Subclass are "sales" as defined under Mo. Rev. Stat. § 407.010.

- 12 -

68.     Plaintiff and the other members of the Missouri Subclass are persons who purchased executive memberships from Defendant primarily for personal, family, or household purposes and suffered an ascertainable loss of money as a result of Defendant's unlawful conduct described herein. Mo. Rev. Stat. § 407.025.1.

69.     Defendant acted with, used, or employed deception, fraud, false pretense, false promise, misrepresentation, unfair practices or concealed, suppressed, or omitted material facts in connection with the sale or advertisement of merchandise in trade or commerce in violation of Section 407.020.1 of the MMPA.

70.     Defendant committed deceptive acts under the MMPA by representing to Plaintiff and the other members of the Missouri Subclass that they could obtain a full refund of cancelled membership fees, even though in actuality Defendant followed a practice of failing to refund the full value of fees paid for cancelled executive memberships.

71.     Defendant knew and understood that it would not refund the full amount of executive membership fees at the time Plaintiff and the other Missouri Subclass members enrolled in their respective memberships, and Defendant intended that Plaintiff and the other Missouri Subclass members would rely on its misrepresentations.

72.     Plaintiff and the Missouri Subclass members did in fact rely on Defendant's misrepresentations, as demonstrated by their purchase of executive memberships and subsequent attempts to invoke the terms of Defendant's Risk-Free 100% Satisfaction Guarantee, and they would have acted differently had they known that the representations Defendant made were false. Plaintiff and the Missouri Subclass members would not have signed up at the more expensive, executive level, or would not have purchased a membership at all.

73.     Defendant also committed unfair acts under the MMPA. Under regulations

- 13 -

promulgated by the Missouri Attorney General, "[i]t is an unfair practice for any person in connection with the sale of merchandise to unilaterally breach unambiguous provisions of consumer contracts." Mo. Code Regs. Ann. tit. 15 § 60-8.070.

74.     As alleged above, Defendant unilaterally breached the terms of its Member Privileges & Conditions and the agreements' Risk-Free 100% Satisfaction Guarantee when it failed to refund the full value of fees paid for cancelled executive memberships.

75.     Defendant's actions are oppressive, unethical, and unscrupulous, and have caused substantial injury to Plaintiff and the other Missouri Subclass members as a whole by imposing additional, unlawful costs on those who attempt to invoke their rights under Defendant's Member Privileges & Conditions and the agreements' Risk-Free 100% Satisfaction Guarantee. *See* Mo. Code Regs. Ann. tit. 15 § 60-8.020.

76.     Defendant's unlawful conduct has resulted in an ascertainable loss of money. Plaintiff and the other members of the Missouri Subclass have suffered monetary losses in an amount equal to the difference between the amount of membership fees originally paid for their respective executive memberships and the lesser value of what was actually refunded.

77.     Pursuant to Mo. Rev. Stat. § 407.025, Plaintiffs and the other members of the Missouri Subclass are entitled to recover their actual damages in an amount to be proven at trial, an award of punitive damages, an award of reasonable attorney's fees, injunctive relief prohibiting Defendant's unfair and deceptive conduct prospectively, and any other penalties or awards that may be appropriate under applicable law.

WHEREFORE, Plaintiff, on his own behalf and on behalf of the Class and the Subclass, prays for the following relief:

A)      An order certifying the Class and Subclass as defined above;

B)   An award of actual or compensatory damages under Count I in an amount to be determined at trial or, in the alternative, disgorgement of all funds unjustly retained by Defendant under Count II;

C)   An award of actual or compensatory damages under Count III in an amount to be determined at trial;

D)   An award of punitive damages under Count III in an amount to be determined at trial;

E)   Injunctive relief under Count III prohibiting Defendant from continuing to commit the deceptive and unfair acts alleged herein;

F)   An award of reasonable attorney's fees and costs; and

G)   Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiffs request trial by jury of all claims that can be so tried.

Dated: April 19, 2018

SCOTT PEARLSTONE, individually and on behalf of similarly situated individuals

By: /s/ *Lanny Darr*
One of Plaintiff's Attorneys

Lanny Darr
DARR FIRM
307 Henry Street, Ste. 406
Alton, IL 62002
Tel: (618) 208-6828
Fax: (618) 433-8519
darr@darrfirm.com

Myles McGuire (*pro hac vice* to be filed)
Paul T. Geske (*pro hac vice* to be filed)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, Illinois 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
pgeske@mcgpc.com

*Attorneys for Plaintiff and the putative classes*