# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT PEARLSTONE, individually and on behalf of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 4:18CV630 RLW |
| | ) | |
| COSTCO WHOLESALE CORPORATION, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Costco Wholesale Corporation's ("Costco") Motion to Dismiss Plaintiff's Class Complaint (ECF No. 9), Plaintiff Scott Pearlstone's Motion to Strike Exhibit 1 to Costco's Reply Memorandum in Support of Its Motion to Dismiss (ECF No. 23), and Costco's Motion to Strike and in the Alternative for Leave to File Response out of Time (ECF No. 25). The motions are fully briefed and ready for disposition.

## BACKGROUND[1]

Costco operates an international chain of membership warehouses, and customers generally must purchase a 12-month membership in order to fully access and shop at Costco stores. (Compl., ECF No. 1, ¶¶ 13, 14) Customers can purchase one of two levels of memberships that can be renewed annually: a basic, entry-level membership for $60.00 and an executive membership for $120.00. (*Id.* at ¶ 17) Customers who purchase executive memberships earn rewards in the form of certificates that provide Costco store credit in the amount of 2% of qualifying purchases made over a certain period. (*Id.* at ¶ 18) These 2%

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant. *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

rewards are generally issued in executive members' renewal notices and are only redeemable at Costco warehouse locations. (*Id.*)

All Costco members must complete a membership application and agree to Costco's "Member Privileges & Conditions." (*Id.* at ¶ 19) One of the conditions is a "Risk-Free 100% Satisfaction Guarantee," which provides in relevant part: "On Membership: We will cancel and refund your membership fee in full at any time if you are dissatisfied." (*Id.* at ¶¶ 22, 24; ECF No. 1-1)

In March 2017, Plaintiff enrolled in a 12-month executive membership with Costco at a location in St. Louis and paid $110.00 for the executive membership.[2] (*Id.* at ¶ 29) Plaintiff asserts he became dissatisfied with his experience and his executive membership, and he subsequently cancelled his membership in January 2018. (*Id.* at ¶ 32) Upon Plaintiff's cancelation, Costco refunded him $86.13, which was $23.87 less than what he paid to purchase his executive membership. (*Id.* at ¶ 33)

Plaintiff filed this putative Class Action Complaint in which he asserts the following three claims against Costco: breach of contract (Count I), unjust enrichment (Count II), and violation of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq.* (Count III).[3] He argues Costco "repeatedly and systematically breaches its Risk-Free 100%

---

[2] Plaintiff notes Costco raised the executive membership fee to $120.00 since he became a member. (Compl., ECF No. 1, at 6 n.1)
[3] Plaintiff seeks class certification pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and nationwide class (the "Class") with one subclass (the "Subclass" or "Missouri Subclass"), which the Complaint defines as follows:

> The Class: All persons in the U.S. who, during the applicable limitations period, purchased an executive membership from Defendant; cancelled the executive membership; and were not refunded the full value of the executive membership fee they originally paid.

> The Missouri Subclass: All persons who, during the applicable limitations period, purchased an executive membership from Defendant in Missouri; cancelled the executive membership; and were not refunded the full value of the executive membership fee they originally paid.

2

Satisfaction Guarantee by failing to provide full refunds of membership fees to executive members who cancel their membership, instead refunding less than the amount originally paid for such memberships." (*Id.* at ¶ 26)

Costco filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). (ECF No. 9) As more fully addressed below, Costco argues Plaintiff has failed to state a claim for which relief can be granted because he did not attach or otherwise address additional terms that govern the contract between the parties. (ECF No. 10, at 2) According to Costco, the amount it refunded Plaintiff ($86.13) reflects the amount of money Plaintiff paid to purchase his executive membership ($110.00) less the $23.87 Plaintiff had previously accrued pursuant to the 2% rewards program. (ECF No. 10, at 4) To support its argument, Costco references the "Executive Membership Terms and Conditions" that are available on the corporation's website. (*Id.* at 3) Costco contends these terms and conditions state "any 2% Reward issued or accrued will be forfeited" if an executive member cancels his or her membership before the expiration of the 12-month membership term. (*Id.*) Additionally, Costco attached a screenshot of the "Executive Membership Terms and Conditions" page of its website as Exhibit 1 to its Reply Memorandum in Support of Its Motion to Dismiss. (ECF No. 20-1)

Plaintiff filed a Motion to Strike Exhibit 1 to Costco's Reply Memorandum in Support of its Motion to Dismiss (ECF No. 23) on November 12, 2018. He argues the screenshot of the "Executive Membership Terms and Conditions" page from Costco's website is irrelevant to this case as the exhibit indicates the terms were updated five months after the initiation of this lawsuit. Fourteen days later on November 26, Plaintiff filed a Reply Memorandum in Support of his Motion to Strike (ECF No. 24) and noted Costco had failed to timely file a response within

---

(*Id.* at ¶ 38) Plaintiff brings Counts I and II on behalf of the entire class and Count III on behalf of the Missouri Subclass.

3

seven days as required by this district's local rules. Ten days later on December 6, Costco filed a Motion to Strike and in the Alternative for Leave to File Response out of Time. (ECF No. 25) Costco argues that Plaintiff's motion to strike should be stricken for failing to comply with this district's local rules and, in the alternative, that it should be permitted to file its accompanying Memorandum in Opposition to Plaintiff's Motion to Strike Exhibit 1 to Its Reply Memorandum in Support of Its Motion to Dismiss (ECF No. 26-1). The Court now grants Costco's motion as to its request to file its response to Plaintiff's Motion to Strike Exhibit 1 out of time, and the Court considered the arguments therein. Accordingly, all motions have been fully briefed.

## **LEGAL STANDARD**

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

4

(2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

## DISCUSSION

### I. Motion to Dismiss

As explained above, Plaintiff's putative Class Action Complaint asserts three counts against Costco: breach of contract (Count I), unjust enrichment (Count II), and violation of the MMPA (Count III). Costco contends he has failed to state a claim under any of the relevant authority.

*(a) Breach of contract claim*

Costco first argues Plaintiff has failed to state a claim for breach of contract because he has not pleaded facts establishing a condition precedent. The "Risk-Free 100% Satisfaction Guarantee" as provided in the "Member Privileges & Conditions" says "[Costco] will cancel and refund [a customer's] membership fee in full at any time if [the customer is] dissatisfied." (ECF No. 1-1) While the parties agree this contract provision requires Plaintiff plead he was dissatisfied, they disagree on whether he has sufficiently pleaded so in his putative Class Action Complaint.

"Under Missouri law, when performance of a promise is conditioned on the satisfaction of the promisor, the promisor must exercise that judgment in good faith, which means that he cannot act arbitrarily or capriciously and there must be a bona fide reason for his dissatisfaction." *1861 Grp., L.L.C. v. Wild Oats Markets, Inc.*, 728 F. Supp. 2d 1052, 1063 (E.D. Mo. 2010) (citing *Long v. Huffman*, 557 S.W.2d 911, 916 (Mo. Ct. App. 1977)). Costco contends Plaintiff's

5

complaint fails to satisfy this standard by simply stating "Plaintiff became dissatisfied with his experience and his executive membership, and he subsequently cancelled his membership." (ECF No. 1, at ¶ 32) Costco argues that, at a minimum, Plaintiff should be required to plead with particularity why he prematurely canceled his executive membership.

The complaint clearly asserts Plaintiff canceled his executive membership after becoming dissatisfied with his experience. Costco does not cite to any authority for its conclusion that a plaintiff claiming breach of contract must plead his objective dissatisfaction with particularity to survive a motion to dismiss pursuant to Rule 12(b)(6). Rather, the case law it cites concern motions for summary judgment. *See, e.g., McCarthy Bldg. Companies v. City of St. Louis*, 81 S.W.3d 139, 145 (Mo. Ct. App. 2002) (reviewing a trial court's grant of summary judgment and noting that a "satisfaction clause" in a contract is subject to a reasonable person standard). At this stage of the litigation, Plaintiff has stated a plausible claim. Any questions surrounding the veracity of his dissatisfaction can be investigated through discovery and argued at the summary judgment stage.[4]

*(b) Unjust enrichment claim*

Costco next argues Plaintiff has failed to state a claim for unjust enrichment. Under Missouri law, the elements for a claim of unjust enrichment are: "(1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation of the fact of such benefit by the defendant; and (3) acceptance and retention of that benefit under circumstances in which retention without

---

[4] Costco notes Plaintiff is a lawyer and filed another putative class action against Walmart, Inc. shortly before canceling his executive membership with Costco. *See Pearlstone v. Wal-Mart Stores, Inc.*, No. 4:17CV2856 HEA (E.D. Mo. Dec. 11, 2017). Plaintiff is being represented by the same law firms in both cases. Costco makes repeated references to these facts and claims "Plaintiff's similar allegations [in the case against Walmart, Inc.], combined with his failure to plead honest dissatisfaction here, suggests that he prematurely canceled his Costco Executive Membership merely to concoct a basis for himself and his fellow lawyers to file this second class action lawsuit." (ECF No. 10, at 6) Plaintiff objects to the allegation as "merely an unfounded *ad hominem* attack on Plaintiff and his counsel." (ECF No. 18, 9) Again, any potential motive bearing on Plaintiff's good faith dissatisfaction is not properly before the Court at the motion to dismiss stage.

payment would be inequitable." *Scottrade, Inc. v. Variant, Inc.*, 122 F. Supp. 3d 869, 875 (E.D. Mo. 2015). "Unjust enrichment is an equitable remedy based on the concept of a quasi-contract, and a plaintiff may not recover under both an express contract and unjust enrichment." *Cregan v. Mortg. One Corp.*, No. 4:16 CV 387 RWS, 2016 WL 3072395, at *5 (E.D. Mo. June 1, 2016) (internal quotation marks omitted) (quoting *Affordable Communities of Mo. v. Fed. Nat'l Mortg. Ass'n*, 714 F.3d 1069, 1077 (8th Cir. 2013)). Because Plaintiff's unjust enrichment claim is based on the same "subject matter" as his breach of contract claim, *see id.*, Costco avers Plaintiff cannot proceed on both theories.

Plaintiff argues a party may assert alternative claims for breach of an express contract and equitable relief. *Guarantee Elec. Constr. Co. v. LVC Tech., Inc.*, No. 4:05CV8949 JCH, 2006 WL 950204, at *2 (E.D. Mo. April 10, 2006). Further, whether a party may plead in the alternative is procedural in nature, and thus the Court will apply the law of the forum state. *See Superior Edge, Inc. v. Monsanto Co.*, Civil No. 12–2672 (JRT/FLN), 2014 WL 4414764, at *6 (D. Minn. Sept. 8, 2014) ("[T]he Federal Rules of Civil Procedure explicitly allow parties to include in their pleadings demands for alterative relief . . . ."); *Sargent v. Justin Time Transp., L.L.C.*, No. 4:09CV596 HEA, 2009 WL 4559222, at *2 (E.D. Mo. Nov. 30, 2009) ("Pleading in the alternative is clearly allowed under Federal Rule of Civil Procedure 8(e)."). Missouri law does not allow *recovery* under both an express contract and equitable theories of relief. *Level 3 Commc'ns, LLC v. Ill. Bell Tel. Co.*, No. 4:14–CV–1080 (CEJ), 2014 WL 414908, at *6 (E.D.Mo. Feb. 4, 2014). However, a plaintiff may plead alternative claims for relief in the complaint. *Id.*; *see also Superior Edge*, 2014 WL 4414764, at *6 (citations omitted) ("In reliance upon the Rule 8, federal courts in Missouri have consistently denied motions to dismiss

7

quasi-contract claims even where the pleading also alleges the existence of an express contract.").

Other courts in this district have allowed plaintiffs to plead alternative theories for unjust enrichment alongside a claim for breach of an express contract. *See, e.g., Chem Gro of Houghton, Inc. v. Lewis Cty. Rural Elec. Co-op. Ass'n*, No. 2:11CV93 JCH, 2012 WL 1025001, at *3 (E.D. Mo. Mar. 26, 2012) (quoting *Owen v. General Motors Corp.*, No. 06-4067-CV-C-NKL, 2006 WL 2808632, at *2 (W.D. Mo. Sept. 28, 2006)) ("[T]he fact that a plaintiff cannot simultaneously recover damages for both breach of an express contract and unjust enrichment does not preclude that plaintiff from pleading both theories in her complaint.") (alteration in *Chem Gro of Houghton, Inc.*); *Asbury Carbons, Inc. v. Sw. Bank, an M & I Bank*, No. 4:10-CV-878 CEJ, 2011 WL 1086067, at *4 (E.D. Mo. Mar. 22, 2011) ("While unjust enrichment is often a last resort, plaintiff can submit alternate theories of recovery supported by the same actions which allegedly give rise to its breach of contract, conversion and other claims."); *cf. Dubinsky v. Mermart LLC*, No. 4:08-CV-1806 (CEJ), 2009 WL 1011503, at *5 (E.D. Mo. Apr. 15, 2009), *aff'd*, 595 F.3d 812 (8th Cir. 2010) (dismissing a claim for unjust enrichment and noting the plaintiff's alleged alternative theory "seeks recovery for events arising solely out of the [contract]"); *Cregan*, 2016 WL 3072395, at *5 (not addressing whether the plaintiff attempted to plead alternative theories).

Here, the complaint explicitly states that Plaintiff's unjust enrichment claim is pled "in the alternative to" his breach of contract count, and his unjust enrichment count does not incorporate the allegations under the other count. (ECF No. 1, at 11) Consequently, this Court will allow Plaintiff's alternative pleadings for breach of contract and unjust enrichment.[5]

---

[5] Costco also argues Plaintiff's unjust enrichment claim is barred by the economic loss doctrine, which "prohibits a party from seeking to recover in tort for economic losses that are contractual in nature." *Graham Const. Servs. v.*

8

### (c) MMPA claim

Lastly, Costco argues Plaintiff has failed to state a claim for relief under the MMPA. The MMPA is a broad statute that prohibits "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." Mo. Rev. Stat. § 407.020.1; *see Blake v. Career Educ. Corp.*, No. 4:08CV00821 ERW, 2009 WL 140742, at *2 (E.D. Mo. Jan. 20, 2009). Costco asserts it did not establish a deception or unfair practice by refunding Plaintiff the amount he paid to purchase his executive membership less the amount he had accrued in rewards because the terms of their contract provided for it. Further, it suggests a single breach of contract claim cannot establish a statutory consumer protection claim.

Plaintiff cites to a regulation promulgated by the Missouri Attorney General that provides "[i]t is an unfair practice for any person in connection with the sale of merchandise to unilaterally breach unambiguous provisions of consumer contracts." 15 C.S.R. § 60-8.070. The MMPA grants the Missouri Attorney General authority to promulgate rules and the Supreme Court of Missouri has made clear that properly promulgated rules have the force and effect of law. *See United Pharmacal Co. of Mo. v. Mo. Bd. of Pharmacy*, 159 S.W.3d 361, 365 (Mo. 2005) (en banc); *Hawkins v. Nestle U.S.A. Inc.*, 309 F. Supp. 3d 696, 702 (E.D. Mo. 2018). Plaintiff's complaint alleges "Defendant unilaterally breached the terms of its Member

---

*Hammer & Steel Inc.*, 755 F.3d 611, 616 (8th Cir. 2014) (internal quotation marks omitted) (quoting *Autry Morlan Chevrolet Cadillac, Inc. v. RJF Agencies, Inc.*, 332 S.W.3d 184, 192 (Mo. Ct. App. 2010)). Costco cites a single case from this district for support. In *Flynn v. CTB, Inc.*, No. 1:12-cv-68 SNLJ, 2013 WL 28244, at *6 (E.D. Mo. Jan. 2, 2013), purchasers of farming equipment brought claims against the manufacturer, including a claim for unjust enrichment. *Id.* at *1. The court dismissed the plaintiffs' unjust enrichment claim, holding that the plaintiffs were limited to the remedies available to them under the manufacturer's warranty and the Uniform Commercial Code ("UCC"). *Id.* at *6. This case, however, is distinguishable because Plaintiff's claims are not governed by the UCC. Further, the parties dispute whether and to what extent certain terms may govern their contractual relationship.

9

Privileges & Conditions and the agreements' Risk-Free 100% Satisfaction Guarantee when it failed to refund the full value of fees paid for cancelled executive memberships. (ECF No. 1, ¶ 74) At this stage in the litigation, Plaintiff has sufficiently alleged an unfair consumer practice. Additionally, Plaintiff's MMPA claim is not based on a *single* breach of contract claim or *single* instance of an unfair consumer practice. He is seeking *class certification* for his MMPA claim on behalf of "[a]ll persons who, during the applicable limitations period, purchased an executive membership from Defendant in Missouri; cancelled the executive membership; and were not refunded the full value of the executive membership fee they originally paid." (ECF No. 1, ¶ 38)

Costco further argues Plaintiff's compliant fails to meet the heightened pleading requirements of Rule 9(b).

> Allegations of fraud or mistake under the MMPA must meet the heightened pleading requirements of Rule 9(b), Fed.R.Civ.P. Under this heightened pleading requirement, the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result. Simply put, the complaint must plead the who, what, where, when, and how of the fraud.

*Bryan v. Bank of Am., N.A.*, No. 4:17CV1616 RLW, 2018 WL 485968, at *5 (E.D. Mo. Jan. 18, 2018) (citations and internal quotation marks omitted). Costco asserts Plaintiff's allegation that "sales staff" told him he could obtain a full refund of cancelled fees "for any reason" fails to meet this standard. (ECF No. 1, ¶ 30)

Plaintiff correctly notes not all MMPA claims are based on fraud and, accordingly, not all MMPA claims are subject to heightened pleading requirements of Rule 9(b). The Eighth Circuit has held that "the MMPA's consumer protections extend far beyond common law fraud. 'It is not necessary in order to establish "unlawful practice" to prove the elements of common law fraud.'" *Huffman v. Credit Union of Tex.*, 758 F.3d 963, 968 (8th Cir. 2014) (quoting *Huch v.*

*Charter Commc'ns, Inc.*, 290 S.W.3d 721, 724 (Mo. 2009) (en banc) ("Unlike common law fraud claims, to recover under the MMPA, a consumer-purchaser need not prove that the seller had actual knowledge of an undisclosed material fact, reliance by the plaintiff, or the seller's intent to induce reliance; in addition, the definition of 'material fact' in the applicable MMPA regulations is broader than the materiality requirement of common law fraud.")). The MMPA provides multiple theories of recovery and "addresses misconduct beyond fraud," including claims based on "unfair practices." *Muhammad v. Public Storage Co.*, No. 14-0246-CV-W-ODS, 2014 WL 3687328, at *3 (W.D. Mo. July 24, 2014). Further, another regulation promulgated by the Missouri Attorney General explicitly provides: "Proof of deception, fraud, or misrepresentation is not required to prove unfair practices as used in section 407.020.1." 15 C.S.R. § 60-8.020(2). Based on the above, Plaintiff has sufficiently pleaded facts to state a claim under the MMPA to survive a motion to dismiss.[6]

## II. Plaintiff's Motion to Strike

Costco's argument that Plaintiff has failed to state a claim for breach of contract is based on additional contract terms as listed on its website that purport to provide "any 2% Reward issued or accrued will be forfeited" if an executive member cancels his or her membership before the expiration of the 12-month membership term. Plaintiff disputes the applicability of those

---

[6] As with the unjust enrichment claim, Costco argues Plaintiff's MMPA claim is barred by the economic loss doctrine. In the case filed by Plaintiff against Walmart, Inc., Judge Autrey explained that "Missouri courts have not addressed whether the economic loss doctrine prohibits a plaintiff from seeking recovery under the MMPA for purely economic losses that are subject to a contract." *Pearlstone v. Wal-Mart Stores, Inc.*, No. 4:17CV2856 HEA, slip op. at 20 (E.D. Mo. Nov. 16, 2018). Further, the Eighth Circuit has suggested "the economic loss doctrine applies only to transactions between commercial parties." *Id.*; *see Dannix Painting, LLC v. Sherwin-Williams Co.*, 732 F.3d 902, 908 (8th Cir. 2013) ("[T]he 'economic loss' doctrine . . . forbids commercial contracting parties (as distinct from consumers, and other individuals not engaged in business) to escalate their contract dispute into a charge of tortious misrepresentation if they could easily have protected themselves from the misrepresentation of which they now complain.") (quoting *All-Tech Telecom, Inc. v. Amway Corp.*, 174 F.3d 862, 865-66 (7th Cir. 1999) (Wisc.)). "The economic loss doctrine is meant to protect sophisticated parties from suing over issues that could have been bargained for. It is not meant to subvert the legislature's efforts to protect customers in their purchase of consumer goods and equip them with a wholly economic remedy." *Pearlstone*, slip op. at 21. Consequently, the economic loss doctrine does not apply to Plaintiff's MMA claim.

11

terms as they were not included on the physical executive membership application he completed. In addition to citing the web address where the additional terms are located, Costco attached a screenshot of the "Executive Membership Terms and Conditions" page of its website as Exhibit 1 to its Reply Memorandum in Support of Its Motion to Dismiss. (ECF No. 20-1) Plaintiff subsequently filed a Motion to Strike Exhibit 1, arguing Costco has failed to establish Exhibit 1's relevance to this case. (ECF No. 23)

"When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ashford v. Douglas Cty.*, 880 F.3d 990, 992 (8th Cir. 2018) (quoting *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014)). "Non-governmental websites are not self-authenticating. They must instead be authenticated by the party offering the evidence in order to be admissible." *Associated Indem. Corp. v. Small*, No. 06-00187-CV-W-REL, 2008 WL 11338112, at *12 (W.D. Mo. Feb. 20, 2008). Failure to authenticate an exhibit in accordance with Federal Rule of Evidence 901, such as with supporting affidavits, can result in its being stricken. *Deptula v. Amacker, L.L.C.*, No. 4:10 CV 1542 DDN, 2011 WL 3235714, at *2 (E.D. Mo. July 27, 2011) (citing *Specht v. Google Inc.*, 758 F.Supp.2d 570, 581 (N.D. Ill. 2010) (striking screenshot printouts of websites for failure to authenticate)).

Exhibit 1 explicitly notes the page was "Updated September 5, 2018." (ECF No. 20-1, at 2) Plaintiff, however, initiated this case by filing his putative Class Action Complaint on April 19, 2018. (ECF No. 1) Costco is correct that the executive membership application and Member Privileges & Conditions states "Membership is subject to any and all rules adopted by Costco including our privacy policies and practices, and they are amended from time to time without

notice." (ECF No. 1-1) Nevertheless, it neglected to authenticate Exhibit 1 or explain how a screenshot of terms that were updated on September 5, 2018 are "necessarily embraced" by a complaint filed five months prior on April 19, 2018. Additionally, issues related to when and to what extent any terms were amended since Plaintiff initially entered into the contract with Costco and the enforcement of those amended terms are not properly before the Court at the motion to dismiss stage. Accordingly, the Court is justified denying Costco's motion to dismiss without considering the potentially additional terms as provided on Costco's website and Exhibit 1 is stricken.[7]

### III. Costco's Motion to Strike

In addition to requesting leave to file a response to Plaintiff's motion out of time, Costco seeks to strike Plaintiff's motion itself for failure to comply with this district's local rules. Local Rule 4.01(A) provides: "Unless otherwise directed by the Court, the moving party shall file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies." Because Plaintiff's Motion to Strike Exhibit 1 (ECF No. 23) did not contain a separately filed memorandum in support, Costco argues it should be stricken.

While perhaps not in compliance with the exact requirement of Local Rule 4.01(A), it is relatively common for litigants to file combined motions and memoranda in support. The cases Costco cites in support concerned motions that were filed without *any* supporting legal arguments. *See, e.g.*, *United States v. Johnson*, No. 405CR719CEJMLM, 2006 WL 156712, at

---

[7] Even if the Court were to consider these additional terms for the purpose of ruling on Costco's motion to dismiss, Plaintiff has argued they are ambiguous. A dictionary definition of "forfeited" is something that is "given up because of some error, offense, law, or crime." *Forfeited*, Merriam-Webster, https://www.merriam-webster.com/dictionary/forfeited (last visited Feb. 21, 2019). Plaintiff argues a reasonable person of average intelligence would understand the terms on Costco's website as providing any unused store credit would not be redeemable after cancellation rather than, as Costco argues, a refund after cancellation would be "reduced" or "setoff" by any accrued store credit. (ECF No. 18, at 7) This contract interpretation argument is beyond the scope of a motion to dismiss under Rule 12(b)(6).

13

*1 (E.D. Mo. Jan. 20, 2006) (noting a motion failed to comply with local rules because it was merely "a boiler plate recital of reasons for dismissal" with "no case authority cited"); *Mayo v. Christian Hosp. Ne.-Nw.*, 962 F. Supp. 1203, 1204 n.2 (E.D. Mo. 1997) ("The plaintiff's motion is not accompanied by the requisite memorandum of law in support with citations to relevant caselaw. The motion simply references [statutes]."). Here, Plaintiff's motion included his legal argument and contained citations to legal authorities. The Court thus denies Costco's motion as to its request to strike Plaintiff's motion to strike.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Costco Wholesale Corporation's Motion to Dismiss Plaintiff's Class Complaint (ECF No. 9) is **DENIED**. Costco is reminded of its obligation to answer Plaintiff's Complaint within the time set by the rules.

**IT IS FURTHER ORDERED** that Plaintiff Scott Pearlstone's Motion to Strike Exhibit 1 to Costco's Reply Memorandum in Support of Its Motion to Dismiss (ECF No. 23) is **GRANTED**. Costco's Exhibit 1 (ECF No. 20-1) is **STRICKEN**.

**IT IS FINALLY ORDERED** that Costco's Motion to Strike and, in the Alternative, for Leave to File Response out of Time (ECF No. 25) is **GRANTED in part and DENIED in part**. The motion is denied as to Costco's request to strike Plaintiff's Motion to Strike Exhibit 1, but it is granted as to Costco's request to file its response to Plaintiff's Motion to Strike Exhibit 1 out of time.

Dated this 21st day of February, 2019.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**