# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT PEARLSTONE, individually and on behalf of similarly situated individuals, | ) ) ) ) | |
| Plaintiff(s), | ) ) | Case No. 4:18CV630 SRC |
| vs. | ) ) | |
| COSTCO WHOLESALE CORPORATION, | ) ) ) | |
| Defendant(s). | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Costco Wholesale Corporation's Motion for Leave to File First Amended Answer [43]. The Court grants, in part, and denies, in part, the motion for leave to file first amended answer.

**I.     BACKGROUND**

Plaintiff Scott Pearlstone filed a class action complaint in this Court on April 19, 2018, alleging Defendant Costco Wholesale Corporation failed to honor a "Risk-Free 100% Satisfaction Guarantee" to provide a full refund of membership fees to executive members who cancel their membership. Pearlstone alleges claims of breach of contract, unjust enrichment, and violation of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq*.

Costco filed a motion to dismiss Pearlstone's complaint arguing (1) Pearlstone failed to state a breach of contract claim as a matter of law, (2) Pearlstone's unjust enrichment claim should be dismissed because it fails to properly plead an essential element of the claim and is barred by the economic loss doctrine, and (3) Pearlstone failed to establish any deception or

1

unfair practice that would give rise to a claim under the MMPA. The Court denied the motion to dismiss and, on March 21, 2019, Costco filed an answer. On July 1, 2019, Costco filed the pending motion for leave to file first amended answer.

## II. DISCUSSION

In its motion for leave to amend, Costco seeks to amend its answers to paragraphs 11 and 12 of Pearlstone's Complaint and its eighth affirmative defense, and to add five new affirmative defenses. Pearlstone objects to the amendment as it relates to Costco's attempt to pursue defenses based on lack of personal jurisdiction or improper venue.

Federal Rule of Civil Procedure 15(a) allows a defendant to amend its answer once as a matter of right at any time within twenty days after it is served. If twenty days has passed since the filing of the answer, the defendant may amend "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a)(2). "Leave shall be freely given [by the court] when justice so requires." *Id*. "Unless there is a good reason for denial, such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004). "Delay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown." *Id*. at 841.

A party may amend an answer to incorporate affirmative defenses that are inadvertently omitted. See *Groninger v. Davison*, 364 F.2d 638, 640 (8th Cir. 1966); *see also Joseph v. Allen*, 712 F.3d 1222, 1226 n.3 (8th Cir. 2013) (district court did not err in granting defendants leave to amend their answer to assert a defense of qualified immunity, even though the motion for leave to amend was not filed until after the plaintiff filed a motion for summary judgment) (citing

*Chesnut v. St. Louis Cty., Mo.*, 656 F.2d 343, 349 (8th Cir. 1981)). The decision whether to allow such an amendment lies in the sound discretion of the trial court. *Groninger*, 364 F.2d at 640.

Here, allowing Costco to amend its answer to assert defenses of lack of personal jurisdiction and improper venue would be futile. A party waives the defenses of lack of personal jurisdiction and improper venue when it omits them from a motion raised under Federal Rule of Civil Procedure 12(b)(6) or fails to include it in a responsive pleading. Fed. R. Civ. P. 12(h)(1). A party may lose the privilege to assert a personal jurisdiction defense by "failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." *Neirbo v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939). "A defendant may voluntarily consent or submit to the jurisdiction of a court which otherwise would not have jurisdiction over it." *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1199 (8th Cir. 1990). Costco consented to the jurisdiction of this Court and waived any objections it had to personal jurisdiction and venue by failing to raise the objections in its motion to dismiss.

Costco argues the Court should use its discretion to excuse the waiver in this instance, because the U.S. Supreme Court's ruling in *Bristol-Meyers Squibb v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017) may affect whether some potential members of the class can join in this action. A court may excuse a party for failing to raise a defense that would have been futile under previously binding precedent. *Bennett v. City of Holyoke*, 362 F.3d 1, 7 (1st Cir. 2004) (citing *Curtis Pub. Co. v. Butts*. 388 U.S. 130, 143-45 (1967)). But that is not the situation the Court faces here.

The plain text of Rule 12(h) does not give the Court authority to excuse a waiver of Rule 12(b)(2)-(5) defenses. Fed. R. Civ. P. 12(h)(1). Even if it did, the Supreme Court decided *Bristol-Meyers* on June 19, 2017. Pearlstone filed this action on April 19, 2018, and Costco filed its first

3

response to the complaint, its motion to dismiss, on July 23, 2018, well after the Supreme Court decided *Bristol-Meyers*. At the time it filed its motion to dismiss, Costco knew of the *Bristol-Meyers* decision and could have raised it, but chose not to do so. If the Court had authority to excuse Costco's waiver, it would not do so. The Court accordingly denies Costco's motion for leave to amend as to ¶¶ 11 and 12 and affirmative defenses 26 and 27.

The Court permits Costco to make the remaining proposed amendments to its answer. Rule 12(h)-waiver does not apply to these defenses, and the Rule 15(a)(2) freely-give-leave standard applies. Additionally, Pearlstone did not object to the remaining proposed amendments in his opposition brief or during oral argument. Costco seeks to amend affirmative defense eight[1] to add the applicable Missouri statutes, Mo. Rev. Stat. §§ 516.120, 516.190, and to state the limitations began to run as of the date of cancellation of the particular membership at issue. Costco also seeks to add the following defenses: (25)[2] Plaintiff's and the putative class members' lack of standing to pursue the claim and/or the doctrines of *res judicata* or collateral estoppel bar the claims; (28) accord and satisfaction, waiver, settlement, and/or release bar the claims; and (29) Plaintiff is not a member of the putative class or is otherwise unsuitable to serve as class representative.

Costco sought leave to amend within the time period allowed by the Case Management Order, so there has not been undue delay and there is no suggestion Costco seeks leave to amend in bad faith or for a dilatory motive. Pearlstone did not show he faces undue prejudice or that amendment would be futile as to these defenses. Therefore, the Court grants Costco leave to amend its answer as to affirmative defenses 8, 25, 28, and 29.

---

[1] Affirmative defense eight asserts Pearlstone's claims and the putative class members claims may be barred by applicable statutes of limitation, the doctrine of laches, and/or contractual time limitations.
[2] These numbers correspond to the numbers of the affirmative defenses listed in Costco's proposed amended answer.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Costco Wholesale Corporation's Motion for Leave to File First Amended Answer [43] is **GRANTED, in part**, and **DENIED**, **in part**. Costco shall file an amended answer complying with this order no later than August 30, 2019.

So Ordered this 23rd day of August, 2019.

*/s/ SLR.CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**